BARNES, Judge,
dissenting.
[20] I respectfully dissent. I realize that my colleagues point to the allegedly “disproportionate” nature of the forfeiture sought by the State here. I understand their concern. I would simply say as follows:
[21] Forfeitures are constitutional and, although some have been found to be excessive, are a useful law enforcement tool. See U.S. v. Ursery, 518 U.S. 267, 290, 116 S.Ct. 2135, 2148, 135 L.Ed.2d 549 (1996).
[22] We have ruled that, in limited situations, the Excessive Fines Clause of the Eighth Amendment may come into play in a forfeiture case. See $100 and a Black Cadillac, 822 N.E.2d at 1011-12.
[23] However, it is clear and without conflict in the evidence that the vehicle here was Timbs’s and was used to facilitate crime, i.e., to transport Timbs to the place of an arranged heroin buy. The vehicle did not have only a tangential relationship to the crime or to the defendant. It should not matter that Timbs committed the crime using an expensive new Land Rover rather than an old, inexpensive “beater.”
[24] The majority correctly points out that the record reflects Timbs “only” sold heroin twice. I simply posit that Timbs was arrested before the third buy could take place, and we are left to wonder how much heroin he had access to.
[25] I am keenly aware of the overreach some law enforcement agencies have exercised in some of these eases. Entire family farms are sometimes forfeited based on one family member’s conduct, or exorbitant amounts of money are seized. However, it seems to me that one who deals heroin, and there is no doubt from the record we are talking about a dealer, must and should suffer the legal consequences to which he exposes himself.
[26] Timbs dealt heroin and got caught. I vote to reverse the trial court’s denial of the State’s forfeiture request.